## APPEAL OF JESSE E. LaDOW.

Docket No. 4124.    Submitted July 16, 1925.    Decided December 21, 1925.

A court of competent jurisdiction in the State of Ohio adjudged that the taxpayer had held certain shares of stock as trustee for the true owner and must either turn over such shares with the dividends received on the same or pay an amount equal to the par value of such shares plus dividends received. *Held*, that the amount paid in satisfaction of the court's decree, less interest, is not a loss deductible from gross income.

*Jesse E. LaDow, Esq.*, pro se.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the year 1919 in the amount of $3,361.81. The question involved is whether or not the taxpayer, in computing his net income for the year 1919, is entitled to deduct the amount of a judgment paid by him in that year under the circumstances hereinafter set forth.

#### FINDINGS OF FACT.

The taxpayer is a resident of Mansfield, Ohio.

In November, 1911, the Mansfield Rubber Co., a corporation with its place of business at Mansfield, Richland County, Ohio, went into bankruptcy. The taxpayer, B. L. Chase and several other persons were directly obligated on some of the paper of said company and, being anxious to protect themselves from loss, agreed among themselves to buy and did buy the assets of the company at the trustee's sale. In the year 1912 they organized a new corporation under

the name of the Mansfield Tire & Rubber Co., transferred the assets which they had purchased at said sale to the new company and received therefor a certain number of shares of the common capital stock of the company and a certain number of shares of its preferred capital stock. All of these shares were issued originally in the name of the taxpayer as trustee. The number of shares of the common stock to which the the said B. L. Chase was entitled was 144, and his allotment of the preferred stock ultimately was 60 shares. Subsequently, the taxpayer delivered to B. L. Chase the 144 shares of common stock and delivered to the other persons interested the amounts of common stock and preferred stock to which they were entitled. Thereafter, a stock dividend was declared and each of the parties referred to became entitled to 14 shares more of the common stock. The additional 14 shares of common stock to which B. L. Chase was entitled were delivered to him by the taxpayer. The 158 shares of common stock of the Mansfield Tire & Rubber Co. belonging to B. L. Chase were never transferred to his name on the books of the company, although he had actually received the certificate for said shares of common stock. He never received a certificate for the preferred shares and they always remained in the possession of the company or the taxpayer, who was the secretary thereof.

In the early part of the year 1913 the taxpayer entered into negotiations with B. L. Chase for the purchase of all or part of the stock owned by him in the Mansfield Tire & Rubber Co. However, the negotiations which the taxpayer had with Chase prior to May 24, 1913, did not include his preferred stock in said company. The taxpayer claims that, between May 24, 1913, and the day the negotiations were finally closed, he had further oral negotiations with Chase for the purchase of all the preferred and common stock which Chase then owned in the Mansfield Tire & Rubber Co., and that the price to be paid Chase included all of his stock in the said company.

After the negotiations were completed and an agreement had been reached between the taxpayer and B. L. Chase, the said Chase gave to the taxpayer an option which contained a description of the stock which was being bought and sold, with the price and other terms stated therein, upon which the option would be exercised. This option was placed in an envelope with the certificate for 144 shares of common stock and deposited in escrow with the cashier of one of the banks of the City of Mansfield. Within the time stipulated in said option, to wit, on June 10, 1913, the taxpayer exercised the same, went to the bank with B. L. Chase, paid the consideration agreed upon, and received from Chase 158 shares of

the common stock of the Mansfield Tire & Rubber Co.—the 144 shares in the envelope and the other 14 shares which were owned by him.

About a year subsequent to June 10, 1913, B. L. Chase died without having in the meantime made a claim for the 60 shares of preferred stock of the Mansfield Tire & Rubber Co. which originally had been allotted to him. The preferred stock remained as it was on the company's books at the time of Chase's death until May, 1917, when it was divided by the taxpayer—he being the secretary of said company—among himself and the other persons who he claimed had joined him in the purchase thereof.

Both prior and subsequent to May, 1917, the administratrix of the estate of B. L. Chase claimed said preferred stock and all the dividends which had been declared thereon. This claim was denied by the taxpayer. He contended he had bought all of the stockholdings of Chase in said company which he had transferred to himself and the other purchasers, the common stock having been transferred on the same day the option was exercised.

On January 10, 1918, the administratrix of the estate of B. L. Chase sued the taxpayer in the Court of Common Pleas of Richland County, Ohio, for the recovery of said stock or the value thereof, with the accrued dividends. The case was tried before the court without a jury. At the trial the administratrix introduced in evidence a paper in writing, found in B. L. Chase's private papers after his death, which purported to be a copy of an alleged option (hereinafter called the Chase option), and recited, among other things, that it was for " 158 shares of common capital stock in the Mansfield Tire and Rubber Company." The taxpayer testified that he had never seen the original of said option; that it was not a copy of the option that was placed in the envelope in escrow; that the option under which the stock was purchased was taken by Chase at the time it was exercised; that Chase tore his name therefrom and that no one had seen the option since that time. The taxpayer introduced in evidence a paper which he claimed was a copy of the option placed in the envelope by him and Chase, and therein the stock was described in the words, " My stock in the Mansfield Tire and Rubber Company." The court, upon consideration of the pleadings and the evidence, found in favor of the administratrix and, on April 5, 1919, rendered judgment against the defendant, the taxpayer herein. The part of the judgment of the court which is pertinent here is as follows:

* * * The Court does further find that B. L. Chase, now deceased, did not sell and transfer unto the defendant, J. E. LaDow, Trustee, personally or as agent, said sixty (60) shares of preferred stock of the Mansfield Tire & Rubber Company described in the petition of the plaintiff on the 10th day of

June, 1913, or at any other time, that the defendant J. E. LaDow, Trustee, or personally has no right, title or interest therein, that said shares of preferred stock are the property of the Estate of B. L. Chase deceased, and that the plaintiff is entitled to recover said shares of stock and all dividends accruing thereon from the date of the issue of said stock together with interest thereon from the respective dates of the payments of said dividends, which dividends and interest to April 5, 1919, the Court finds to be the sum of Three Thousand Two Hundred Nine and 64/100 ($3,209.64) and the par value of said stock to be Six Thousand Dollars ($6,000.00), and of the actual value of par.

Wherefore it is considered and adjudged by the Court that the defendant, J. E. LaDow, be and is hereby ordered and directed to transfer and deliver unto the plaintiff sixty (60) shares of the preferred stock in The Mansfield Tire and Rubber Company and to pay unto the plaintiff the sum of Three Thousand Two Hundred Nine and 64/100 Dollars ($3,209.64) with interest thereon at 6% from April 5, 1919.

Or in case the defendant has disposed of said stock and can not for such reason make delivery thereof, then it is considered and adjudged by the Court that the defendant pay unto plaintiff the sum of Nine Thousand Two Hundred Nine and 64/100 Dollars, with interest thereon at 6% from April 15, 1919, for which delivery of stock and for said sum of $3,209.64, with interest thereon at six per cent from April 5, 1919, or for which sum of $9,209.64 judgment is awarded to the plaintiff and against the defendant, and for costs of suit taxed at $————, to all of which findings, order, judgment, and decree, the defendant, J. E. LaDow, Trustee, and personally, at the time excepted.

The judgment in the Court of Common Pleas was affirmed by the Court of Appeals for Richland County, Ohio. The taxpayer in the year 1919 paid to the administratrix of the estate of B. L. Chase the amount of the judgment, together with costs and interest thereon, in the total amount of $9,865.21, of which $713.15 represented interest on the judgment and interest included therein, and $67.40 represented costs.

The taxpayer was subsequently indicted in Richland County, Ohio, for perjury, the indictment alleging that he gave false testimony in the trial of the suit brought against him by the administratrix of the estate of B. L. Chase. At the trial the State introduced, and the court admitted in evidence over the objection of the taxpayer, the alleged Chase option. The taxpayer was found guilty of perjury, and error was prosecuted to the Court of Appeals. He obtained a change of venue, and the hearing on the petition in error was had before the Court of Appeals of the Fifth Judicial District of the State of Ohio—not the same Court of Appeals that affirmed the judgment in the civil suit. That court held that the alleged Chase option was not competent evidence against the taxpayer in the perjury trial and that its admission constituted reversible error, and it reversed the judgment of the trial court and remanded the case for further proceedings.

The taxpayer, in computing his net income for the year 1919, deducted the amount of $9,865.21 paid under the judgment aforesaid.

The Commissioner allowed so much of the deduction as represented interest included in the judgment and interest on the judgment and disallowed the costs and the amount of $9,084.66 included in the judgment as representing the value of the stock and the accrued dividends thereon.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

TRUSSELL: The taxpayer in this appeal has argued that the judgment of the Court of Common Pleas of Richland County, Ohio, by which it was decreed that the taxpayer held 60 shares of preferred stock of the Mansfield Tire & Rubber Co. as trustee for B. L. Chase, who was the true owner of such shares, and that the taxpayer must account for the value of such shares, together with dividends received thereon, should be disregarded, on the ground that said judgment was influenced by the acceptance of incompetent evidence and possible bias of the trial court. He has argued, further, that the reversal of a verdict of guilty in an indictment for perjury growing out of the above-mentioned civil action should be taken as proving his claim that the judgment in the civil action should be disregarded.

It appears, however, that the court which tried the civil action had before it all the persons and all the competent evidence that could be produced by both parties to the action, and that the determination of the trial court was affirmed upon appeal. We are of the opinion that the decree of the trial court must be taken as finally establishing the facts which were there in controversy, and that the determination of the Commissioner should be approved.

GREEN concurs in the result only.